**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0641-17T4

PATRICIA and DAVID RUIZ,

     Plaintiffs-Respondents,

v.

YOUSEF ALI,

     Defendant-Appellant.

_____

        Submitted December 19, 2018 – Decided August 28, 2019

        Before Judges Nugent and Mawla.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. SC-001772-17.

        Yousef Ali, appellant pro se.

        Respondents have not filed a brief.

PER CURIAM

     This landlord-tenant action involves a dispute over a security deposit and whether repairs the landlord allegedly made at the end of a tenancy were required due to damage beyond normal wear and tear. Following a non-jury trial

in the Special Civil Part, the court entered judgment in the amount of $2,118.50 in favor of plaintiffs, Patricia Ruiz and David Ruiz. The amount represented the return of their security deposit, including a statutory penalty because defendant, Yousef Ali, wrongfully withheld the deposit. Defendant appeals. For the reasons that follow, we affirm.

Plaintiffs, as tenants, leased from defendant, their landlord, a Newark apartment. Following the lease's expiration, plaintiffs filed a Special Civil Part complaint seeking return of their $2,092 security deposit. Defendant disputed their claim and filed a counterclaim for damage to the apartment allegedly beyond normal wear and tear. The parties were the only witnesses to testify at trial.

Plaintiff, Patricia Ruiz, testified that she and Mr. Ruiz lived in the Newark apartment for one year, from June 2016 through June 2017, under a written lease with defendant. Near the end of the lease term, defendant initiated a Landlord-Tenant action after plaintiffs began depositing rent into an escrow account because defendant allegedly refused to make necessary repairs to the apartment. The action ended when the court entered an order requiring $5,505.45 to be released to defendant, and $971.55 released to tenants. During the parties' last

2

appearance in that action, plaintiffs informed the court they had vacated the apartment.

Plaintiffs returned the keys and left a forwarding address with defendant's attorney. Patricia Ruiz testified she did not receive, within thirty days of leaving the apartment, a letter from defendant concerning the security deposit. According to Patricia Ruiz, in the previous Landlord-Tenant action the judge had given defendant thirty days to return the security deposit. Instead of returning the security deposit, defendant sent plaintiffs a letter, belatedly, itemizing alleged damage to the apartment, claiming repair costs exceeded the security deposit. To refute defendant's claim of alleged damages, Patricia Ruiz showed the trial judge twenty-two pictures she took when she was moving out of the apartment.

David Ruiz corroborated Patricia's testimony. He added that he agreed with one item on defendant's list, namely, a sheetrock repair by the apartment's door. David Ruiz claimed that he had to remove the sheetrock in order to move the furnishings at the end of the lease term.

Defendant presented photographs he said he took before plaintiffs moved in and after they moved out. Defendant explained the photographs, testified about the damage he claimed plaintiffs did to the apartment, told the court they

3

moved out one day late, and left trash and furniture he had to have removed. Defendant said it took him approximately one and one-half months to fix the damage. During that time, he could not rent the apartment, so he lost income.

Defendant presented documentation of his losses. He presented a "check written to the person who actually worked in the apartment," the material cost from Home Depot, and the debris clean-up costs from Waste Management.

Defendant said that when plaintiffs left, he timely mailed a letter about withholding the security deposit to repair damage to the apartment. He claimed that if plaintiffs had retained the envelope, the postmark would have substantiated his testimony about when he mailed the letter.

Defendant explained that cellular phone pictures plaintiffs had presented to the judge did not depict the entire apartment, nor did they "capture the entire aftermath of actually vacating the apartment." Defendant reiterated that plaintiffs painted two bedrooms, the living room, the bathroom, and part of the apartment's kitchen without his permission, in violation of the lease agreement. The lease required that plaintiffs obtain written permission from defendant before making any alterations to the apartment or installing any equipment. In addition, defendant presented pictures of stickers on the apartment walls.

A-0641-17T4

Defendant testified he withheld the security deposit for a number of reasons: plaintiffs did not return the keys until two days after the lease term had expired; plaintiffs left behind trash and furniture on the property; and the apartment was damaged. The damage included holes in the walls from nails, and chipped paint. Plaintiffs had painted the apartment with a "hard color paint." As a result, defendant was required to pay someone else to repaint the apartment. According to defendant, the company he hired "had to . . . apply three to four paints because the paints were so hard to cover up."

Defendant testified plaintiffs also "applied another layer of floor[ing] in one of the bedrooms." Plaintiffs installed an adhesive floor on top of the existing floor without his permission. Plaintiffs also removed the electrical outlet covers from the apartment.

Although defendant's letter to plaintiffs stated his damages totaled $7,212.42, the checks and invoices defendant produced at trial did not total that amount. Defendant explained that he could not apply specific amounts to specific rooms in the apartment, so he "took the average cost of $6.62 per square foot to paint the apartment." Included in the sum specified in the letter was defendant's charge for late rent, returning the key late, and giving him possession

5

of the apartment at a later date than the date specified in the lease. Defendant had the adhesive floor plaintiffs installed removed and the area cleaned up.

In rebuttal, plaintiff, David Ruiz, testified defendant was not being candid with the court. According to David Ruiz, defendant did the same thing in the previous case, namely, he would produce checks payable to a person but no receipts for work performed. David Ruiz also claimed defendant was attempting to re-litigate issues that he previously lost.

According to David Ruiz, when he moved in, the walls in the apartment were "smurf blue." Defendant asked him to paint every room in the apartment, though he only actually painted three rooms. Plaintiff Patricia Ruiz corroborated his testimony.

The court resolved in favor of defendant the parties' disputed testimony about whether defendant permitted plaintiffs to paint the apartment and install the adhesive floor. In doing so, the court relied on the lease provision prohibiting alterations or installation of equipment without the landlord's written consent. The court relied on the same lease provision in finding plaintiffs were not permitted to put nail holes in the apartment walls.

The court also found defendant timely notified plaintiffs he was withholding the security deposit to make repairs in the apartment. According to

6

the letter, the cost of the repairs was $7,212.42. Deducting the security deposit left a balance of $5,119.92.

After reviewing the law concerning the return of security deposits, N.J.S.A. 46:8-21, the court reiterated defendant had timely provided the requisite letter. The court also found, however, defendant's proof of damages was deficient. The documents defendant produced did not add up to the amount defendant specified in the security deposit letter. The proofs were also inconsistent with defendant's testimony. For example, defendant named the individual who repainted the apartment but only two checks were written to that individual, each in the amount of $500. The court noted there were two other checks defendant issued to that individual: one in the amount of $1,100, another in the amount of $1,000. There was no testimony, however, as to what exactly the individual did for that money. Significantly, defendant had estimated how he had computed his damages, but the estimates were inconsistent with the documentary evidence he presented to the court. The court found defendant had failed to establish the entirety of his damages by a preponderance of the credible evidence.

The court further noted that the pictures presented by plaintiffs showed an apartment "in pretty good shape." The court found that the photographs

defendant had produced showed some areas that may have needed repair but defendant had not sustained his burden of proving damages concerning those areas. Absent specific evidence from the man defendant claimed to have performed the repairs "as to exactly what he did and how he got paid," the court could not find defendant sustained his burden of proving damages.

Finding defendant had sustained his burden of proving damages in the amount of $1,059, the court subtracted that sum from the $2,092 security deposit, leaving a balance of $1,059.29. The court doubled that sum as required "by statute," and entered judgment in favor of plaintiffs in the amount of $2,118.58.

Defendant, who represents himself on this appeal, has made a fundamental error. He argues the trial court erred "in granting summary judgment to plaintiffs because defendants withheld [the] security deposit." He then relies on legal principles that apply to summary judgment motions. In this case, the trial court did not decide this case on a summary judgment motion. Rather, the court decided the case following a bench trial. This is important, because unlike a summary judgment motion, the court deciding a case following the presentation of proofs at trial must make credibility determinations about the parties'

8

testimony.  Contrary to defendant's argument, he was not entitled to all reasonable inferences from disputed evidence.

Defendant argues the trial court overlooked the provision in the lease requiring plaintiffs to maintain the premises in the condition in which the premises existed at the inception of the lease.  Defendant also argues the trial court failed to consider that he lost rent because of the time it took to restore the apartment so that it was ready for a new tenant.  Last, defendant contends the trial court should have relaxed the rules of evidence "to admit relevant and trustworthy evidence in the interests of justice."  N.J.R.E. 101(a)(2)(A).  He refers to the "before and after" pictures that he showed the judge.  He argues the judge erred by rejecting his proof of damages.  We disagree.

"Final determinations made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review . . . ."  Seidman v. Clifton Sav. Bank, 205 N.J. 150, 169 (2011).  "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice."  In re Forfeiture of Pers. Weapons & Firearms Identification Card Belonging to F.M., 225 N.J. 487, 506 (2016) (quoting Rova Farms Resort, Inc.

9

v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). The court's findings of fact are "binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citation omitted). In contrast, a trial judge's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citation omitted).

Here, defendant argues that the trial judge did not consider all of his evidence but should have considered it in the interests of justice. That is not the case. Rather, the court did consider the evidence; however, it did not find some of the evidence to be trustworthy. Stated another way, based on plaintiffs' testimony about defendant's use of unsubstantiated checks in prior proceedings, the inconsistencies in defendant's testimony, and the inconsistencies between the total monetary amount defendant claimed as damages and the different sum the documents totaled, the court did not find defendant's damage proofs entirely credible. Because the court's fact and credibility findings could reasonably have been reached on "sufficient" or "substantial" credible evidence present in the record considering the proofs as a whole, they are binding and we will not disturb them. Cesare, 154 N.J. at 411-12.

10

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

11